1

2

3

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

4

5

Case No. CV-14-0338-JPH

6

MARCENE NESSLY,

7

Plaintiff,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

8

vs.

9

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

10

11

Defendant.

12

13

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No.

14

14, 15. Attorney Cory J. Brandt represents plaintiff (Nessly). Special Assistant

15

United States Attorney Summer Stinson represents defendant (Commissioner). The

parties consented to proceed before a magistrate judge. ECF No. 7. Plaintiff filed a

16

reply April 6, 2015. ECF No. 16. After reviewing the administrative record and the

17

briefs filed by the parties, the court **grants** defendant's motion for summary

18

judgment, ECF No. 15.

19

20

ORDER ~ 1

**JURISDICTION**

Nessly applied for disability income benefits (DIB) and supplemental security income (SSI) benefits on March 2, 2012 (Tr. 131-39). She alleged disability beginning (as amended) June 24, 2009. Benefits were denied initially and on reconsideration  (Tr. 87-89, 91-94). Administrative Law Judge (ALJ) Donna L. Walker held a hearing May 6, 2013 (Tr. 26-62) and issued an unfavorable decision May 23, 2013 (Tr. 12-20). The Appeals Council accepted additional evidence and denied review September 17, 2014 (Tr. 1-5). October 17, 2014 Nessly appealed pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Nessly was 47 years old at onset and 52 at the hearing. She has a ninth grade education and has worked as a cashier and housekeeper. She alleges disability due to tendonitis with radicular symptoms, left foot claudication, trigger thumb and AC joint arthritis. ECF No. 14 at 2. She takes pain medication. On appeal Nessly alleges the ALJ should have found she is more limited.

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

ORDER ~ 3

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

ORDER ~ 4

activity and  (2)  a "significant number of jobs exist in the national economy" which

plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's

decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]

determination that a plaintiff is not disabled will be upheld if the findings of fact are

supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

*Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a

preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

Substantial evidence "means such evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

(1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]

may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*,

348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

whole, not just the evidence supporting the decision of the Commissioner. *Weetman*

*v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525,

526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Walker found Nessly was insured through September 30, 2009 (Tr. 12, 14). At step one, the ALJ found Nessly did not work at substantial gainful activity levels after onset (Tr. 14). At steps two and three, she found Nessly suffers from a right arm burn with secondary tendon infection (cellulitis) and resulting pain, and tendonitis of the right elbow, impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 15). The ALJ found Nessly less than fully credible (Tr. 16-18). She found Nessly can perform a range of light work (Tr.

15). At step four, the ALJ found Nessly can perform her past work as a cashier (Tr. 18). Alternatively, the ALJ found at step five there are other jobs Nessly can do such as cashier with a sit/stand option, electronics assembler and hand packager/packer (Tr. 19). The ALJ found Nessly has not been disabled as defined by the Act from onset through the date of the decision  (Tr. 19-20).

## ISSUES

Nessly alleges the ALJ failed to properly weigh her treating doctor's opinion and assess credibility. She alleges the ALJ erred at steps four and five. ECF No. 14 at 7. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm.    ECF No. 15 at 2.

## DISCUSSION

*A. Credibility*

Nessly alleges the ALJ failed to give clear and convincing reasons for rejecting her subjective complaints. ECF No. 14 at 13-15. The Commissioner responds the ALJ's reasons meet this standard and are supported by the record. ECF No. 15 at 4-7.

The ALJ relied on the lack of evidence of significant limitations, lack of evidence of treatment, gaps in treatment and leaving the workforce for reasons other than as a result of her impairments (Tr. 16-18).

To aid in weighing the conflicting medical evidence, the ALJ evaluated

Nessly's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). It is the province of the ALJ to make credibility determinations. *Andrews v. Shahala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ's reasons are clear and convincing.

The ALJ notes Nessly has failed to consistently obtain medical treatment, without adequate explanation. The alleged onset date is June 24, 2009. Very long gaps in medical treatment include a six month gap from October 2009 to February-April 2010, no treatment for the entire year of 2011, and no treatment from November 2012 to April 2013, when she presented with complaints of a dog scratch on her arm (Tr. 16, 18, citing Tr. 217-55, 266-80, 284-303). Nessly alleges she was unable to pay for medical care. The Commissioner points out the ALJ asked Nessly about the lack of treatment and medical records, and she did not assert she was unable to afford treatment. ECF No. 15 at 5, citing Tr. 38-39.

The ALJ found Nessly's complaints are not reasonably consistent with

objective medical evidence. Alexander White, M.D.,  reviewed the record and opined the objective evidence did not support finding Nessly disabled (Tr. 16-18).

The ALJ noted Nessly stopped work for reasons other than her alleged limitations. Significantly, she also noted Nessly sustained burns in 2009 and had not worked for over eight years prior  (Tr. 18).  Nessly testified her previous employment ended because of a personal problem (Tr. 18, 44).

Nessly's reply alleges she should not be found less credible because she failed to obtain mental health treatment. ECF No. 16 at 3. This does not reasonably explain, however, why she failed to obtain treatment for allegedly disabling physical limitations.

The ALJ's reasons are clear, convincing and supported by substantial evidence. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008) (unexplained or inadequately explained lack of consistent treatment properly considered); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (lack of objective evidence properly considered as long as not sole reason); *Drouin  v.  Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992) (the ALJ properly relied on Plaintiff's testimony she did not lose her past two jobs because of pain). The credibility assessment is free of error and supported by substantial evidence.

*B. Treating doctor's opinion*

Nessly alleges the ALJ should have given more credit to the opinion of her

treating doctor, Andrew Castrodale, M.D., that she is limited to sedentary work. ECF No. 14 at 10-12. The ALJ's reasons, that Castrodale's opinion is inconsistent with his own treatment notes and with the other medical evidence, are legitimate and supported by the record, according to the Commissioner. ECF No. 15 at 8-10.

Dr. Castrodale opined Nessly was limited to sedentary work and would likely miss four or more days of work per month (Tr. 282).

A consulting doctor, Robert Bray, M.D., examined Nessly in April 2012. He reviewed x-rays and Dr. Castrodale's records (Tr. 17, 256-65). Dr. Bray opined Nessly was capable of medium exertion work (Tr. 259-60).

The ALJ rejected Castrodale's assessed RFC for less than sedentary work because, in part, Dr. White testified the assessment was inconsistent with Castrodale's notes (Tr. 17-18, 41, 281-83). Opinions that are internally inconsistent may be given little weight. *Bayliss*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ also relied on Dr. White's statement that Nessly's activities show her impairments did not prevent light exertion level activities, based on Dr. White's review of Nessly's treatment records. The ALJ may rely on the testimony of a nonexamining expert to discredit the opinion of a treating physician when the expert's opinion is consistent with other independent evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, Dr. Bray's examination also supports Dr. White's opinion.

Importantly, the ALJ notes Dr. Castrodale admits in his assessment that no nerve conduction studies have been done (Tr. 17, 283). The ALJ may properly discredit any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss,* 427 F.3d at 1216.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(internal citations omitted).

The ALJ's reasons are "specific and legitimate" reasons based on substantial evidence, as required. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (an examining doctor's contradicted opinion can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record).

The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

*C. Step four*

Nessly alleges the ALJ erred at step four by failing to include all of her limitations in the RFC and by failing to identify the specific demands of her past relevant work. ECF No. 14 at 16-17. The Commissioner answers that the first allegation simply restates Nessly's allegation that the ALJ improperly weighed the medical evidence. She answers there is no error at step four because the ALJ

properly relied on the vocational expert's testimony to determine how Nessly's past relevant work as a cashier was performed, actually and generally. ECF No. 15 at 11-13.

The Commissioner is correct.

The assessed RFC includes all of the limitations the ALJ found credible. She was not required to do more. "In hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

At step four, it is the claimant's burden to show she can no longer perform past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). In determining the demands of Nessly's past work as a cashier, the ALJ appropriately relied on Nessly's self-reports and testimony, and on the VE's testimony (Tr. 15-19, 44, 53, 157-63, 185-96). She fails to show error at step four.

*D. Step five*

Last, Nessly alleges the ALJ erred in her alternative step five analysis. ECF No. 14 at 17-19. The Commissioner responds that she met her burden at this step by relying on the VE's testimony. ECF No. 15 at 13-14.

Again the Commissioner is correct.

An ALJ may rely on the vocational expert's answer when the hypothetical

contained all of the limitations the ALJ found credible and supported by substantial evidence in the record. *Bayliss*, 427 F.3d at 1217-18.

The ALJ properly weighed the contradictory medical evidence. The record fully supports the assessed RFC and findings at steps four and five. Although Nessly alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial

ORDER ~ 13

evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 15**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 15th day of April, 2015.

<u>*S/ James P. Hutton*</u>

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER ~ 14